Mr. Scott Frank Legislative Post Auditor Legislative Division of Post Audit 800 SW Jackson Street, Suite 1200 Topeka, Kansas 66612-2212
Dear Mr. Frank:
As the Legislative Post Auditor you pose the following question:
 Does an audit firm conducting an annual financial-compliance audit of the Kansas Lottery, under a contract with the Legislative Division of Post Audit, have access to confidential records maintained by the Kansas Racing and Gaming Commission regarding its regulation of casinos operating under the Kansas Expanded Lottery Act?
As you explained in your opinion request, K.S.A. 74-8707 requires an annual financial-compliance audit of the Kansas Lottery (Lottery) to be conducted under the provisions of the Legislative Post Audit Act, K.S.A.46-1101 et seq. Typically, an external audit firm under contract with the Legislative Division of Post Audit (Division) and selected through the process specified in K.S.A. 46-1123 et seq. conducts this type of audit.
Because the Lottery owns casinos under the Kansas Expanded Lottery Act (KELA), [1] those casinos are included in the Lottery's annual financial statements, which are audited as part of an annual financial-compliance audit.
The Kansas Racing and Gaming Commission (Commission) regulates the operations of casinos. As part of the regulation process, the Commission reviews the internal controls of casinos. While conducting a recent fiscal year audit, the audit firm requested and was denied access to the Commission's internal reports regarding these controls. The Commission contended that these reports were confidential, and that because the Commission was not the subject of the audit, the audit firm could not have access to the records.
You further explained that under their contract with the Division, the audit firm is required to comply with Generally Accepted Government Auditing Standards. These standards require the auditors to evaluate any internal controls that are material to the financial statements. In conducting the fiscal year 2010 audit, the audit firm determined that the internal controls related to financial matters at the casino in question were material to the overall internal controls for the Lottery.
It is within this context and in relation to financial audits in future years that you pose your question.
 Confidentiality Issue
In addressing this issue, the conflict between two statutes that appear to be at odds must be resolved.
The first statute, K.S.A. 2010 Supp. 74-8745(a), appears within the KELA:
 All information and data required to be furnished to the Kansas lottery or the Kansas racing and gaming commission pursuant to K.S.A. 2010 Supp. 74-8741
through 74-8747, or which may otherwise be obtained, relative to the finances, earnings or revenue, except the net electronic gaming machine income, of any vendor shall be considered confidential and shall not be revealed in whole or in part without permission of the vendor, except (a) in the course of the necessary administration of the Kansas expanded lottery act, (2) upon the lawful order of a court of competent jurisdiction or (3) to a duly authorized law enforcement agency.[2]
The second statute, K.S.A. 2010 Supp. 46-1106, appears within the Legislative Post Audit Act:
 In the discharge of the duties imposed under the legislative post audit act, the post auditor or firm conducting a financial-compliance audit or conducting any other audit or audit work shall have access to all books, accounts, records, files, documents and correspondence, confidential or otherwise, of any person or state agency subject to the legislative post audit act or in the custody of any such person or state agency.[3]
In 1992 Attorney General Stephan opined[4] on a very similar issue concerning a confidentiality provision regarding a state funded peer assistance program of a state agency and a legislative post audit request for such program records under K.S.A. 46-1106. After reviewing rules of statutory construction, Attorney General Stephan concluded that the two seemingly adverse statutes may be read in harmony:
 The record closure laws cited herein do not prohibit or prevent access to such records by the division of legislative post audit. Pursuant to the dictates and exceptions of the acts cited herein, such records are and should remain confidential, privileged and otherwise inaccessible whether possessed by the program, the state agency or the division of post audit.
The text of K.S.A. 2010 Supp. 46-1106 has not changed since 1992; in fact it has not changed in any meaningful way since its original enactment in 1977. Neither has there been any intervening Kansas appellate court decision construing legislative post audit's authority to obtain records, "confidential or otherwise." Thus, no reason exists to differ from the prior Attorney General's opinion. Consequently, the first part of the conclusion herein must be that an audit firm under a contract with the Legislative Division of Post Audit conducting an annual financial-compliance audit of the Kansas Lottery, is authorized to have access to confidential records. The audit firm, as well as the Division, is subject to a duty of confidentiality imposed by the KELA regarding such records.[5]
 Not Subject of Audit Issue
The second issue to be resolved is whether the audit firm under contract with the Division to audit the Lottery can access the confidential records held by the Kansas Racing and Gaming Commission. The Lottery, not the Commission, was the subject of the financial audit. As indicated, K.S.A. 2010 Supp. 46-1106(g) authorizes the Division to access records "of any person or state agency subject to the legislative post audit act or in the custody of any such person or state agency." The Commission is an agency "subject to the legislative post audit act."[6]
Again, we look back to a former Attorney General Opinion[7] in which a very similar issue was addressed. There, Attorney General Stovall concluded:
 The provisions allowing the Post Auditor access to records of state agencies like the Department [of Revenue] do not limit such access to situations where the audit is of the agency having custody of the records. Rather, when necessary to perform an authorized audit . . ., K.S.A. 46-1106(g) allows access to records, confidential or otherwise, "of any person or state agency subject to the legislative post audit act" and to records, confidential or otherwise, "in the custody of any such person or state agency."[8]
Again, with no intervening statutory change nor appellate court decision, no reason exists to differ from the prior Attorney General's opinion. Consequently, the second part of the conclusion reached herein must be that an audit firm conducting an annual financial-compliance audit of the Kansas Lottery, under a contract with the Legislative Division of Post Audit, is authorized to have access to confidential records maintained by the Kansas Racing and Gaming Commission. The audit firm, as well as the Division, is subject to a duty of confidentiality imposed by the KELA.[9]
Sincerely,

 DEREK SCHMIDT
 Attorney General of Kansas
 Camille Nohe
 Assistant Attorney General

DS:AEA:CN:ke
[1] KSA 2010 Supp. 74-8733 through 74-8773
[2] Emphasis added.
[3] Emphasis added.
[4] Attorney General Opinion No. 92-101.
[5] K.S.A. 2010 Supp. 46-1106(g).
[6] K.S.A. 2010 Supp. 46-1106(b) (financial-compliance audit work shall be conducted at each state agency at least once every three years); K.S.A. 46-1112(b) ("State agency" means any state office, officer, department, board, commission, institution, bureau, agency, or authority or any division or unit thereof.)
[7] Attorney General Opinion No. 97-49.
[8] Emphasis added in Attorney General Opinion No. 97-49.
[9] K.S.A. 2010 Supp. 46-1106(g).